E-filing

**FILED**
JAN 0 4 2006
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In the Matter of the Complaint of THE SAN FRANCISCO BAR PILOTS et al, as Owners and/or Charterers, of the P/V GOLDEN GATE, Limitation Petitioners, for Exoneration from or Limitation of Liability.

_____/

No. C05-02975 MJJ

**ORDER DENYING CLAIMANTS' MOTION FOR RELIEF FROM STAY**

## INTRODUCTION

Before the Court is Alexander Newcomb and Igor Kwasniza's ("Claimants") Motion for Relief From Stay. The motion is opposed by The San Francisco Bar Pilots Benevolent and Protective Association and the San Francisco Bar Pilots ("Petitioners"). For the following reasons, the Court **DENIES** Claimants' Motion without prejudice, **GRANTING** leave to re-file pursuant to this order.

## FACTUAL BACKGROUND

This is a maritime action arising out of the January 17, 2005 collision between the Pilot Vessel Golden Gate (the "Golden Gate") and the Fishing Vessel Ronnie B (the "Ronnie B"). Petitioners own and operate the Golden Gate, and Claimants were working on the Ronnie B at the time of the collision. As a result of the collision, Claimants allegedly suffered personal injuries. Petitioners' Complaint requests exoneration and limitation of liability under the Limitation of

1  Liability Act, 46 U.S.C. app. § 183, et seq (the "Limitation Act") as to injuries arising out of the
2  collision.
3  On August 11, 2005, upon Petitioners' motion, and pursuant to Rule F of the Federal Rules
4  of Civil Procedure, Supplemental Admiralty and Maritime Claims, the Court issued an order staying
5  all other court actions arising out of this incident. Claimants have filed the instant motion, seeking
6  relief from that order so that they may file an action against Petitioners in state court.

## ANALYSIS

This dispute involves a conflict between Petitioners' rights under the Limitation Act and Claimants' rights under the "saving to suitors" exception to federal admiralty jurisdiction, 28 U.S.C. § 1333(1). The Limitation Act permits shipowners, under certain circumstances[1], to limit their liability for damages arising from accidents at sea. 46 U.S.C. app. § 183. When, as here, a shipowner invokes the protection of the act, a district court is empowered to issue a restraining order or injunction staying all proceedings against the shipowner arising out of the incident. *Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 754 (2nd Cir, 1988); Fed.R.Civ.P. Supplemental Rule F. The district court then typically determines, in a proceeding known as a *concursus*, issues such as liability, the privity and knowledge of the shipowner, and if necessary, the distribution of the limitation fund. *Id.* One purpose of the *concursus* proceeding is to ease the handling of multiple claims arising from the incident. *Complaint of Paradise Holdings, Inc.*, 795 F.2d 756, 761 (9th Cir. 1986). This avoids "inconsistent results and repetitive litigation." *Id.*

The right of shipowners to have their liability limited in a *concursus* conflicts with the rights of claimants to prosecute their cases in the forum and manner of their choice. *Id.* Under 28 U.S.C. § 1333(1), district courts have jurisdiction over all cases of maritime jurisdiction "*saving to suitors* in all cases all other remedies to which they are otherwise entitled." The saving to suitors clause "preserves remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 445 (2001). This creates a tension

---

[1] 46 App. U.S.C.A. § 183 provides that, "[t]he liability of the owner of any vessel... for any...loss...or injury...without the privity or knowledge of such owner or owners, shall not...exceed the amount or value of the interest of such owner in such vessel, and her freight then pending."

2

between the shipowners' right to have his liability limited in federal court and the claimant's right to prosecute an injury suit in state court, if that is his preferred forum.

District courts have jurisdiction over actions arising under the Limitation Act, and have "discretion to stay or dismiss Limitation Act proceedings to allow a suitor to pursue his claims in state court." *Lewis*, 531 U.S. at 454. A district court generally "enjoys broad discretion to decide whether to dissolve an injunction under the Limitation of Liability Act." *In re Complaint of Ross Island Sand & Gravel*, 226 F.3d 1015, 1017 (9th Cir.,2000).

The Ninth Circuit has determined that there are two factual scenarios in which a district court's discretion is narrowly circumscribed: 1) where a single claim is involved, or 2) where the aggregated claims total less than the limitation fund. *Paradise Holdings*, 795 F.2d at 762. In those two situations, "permitting a claimant to proceed against the owner outside of the limitation action cannot work to the prejudice of the owner or of other claimants." *Id.* The instant action involves neither of these factual scenarios. There are two claimants, and the aggregated total of their claims do not necessarily total less than the limitation fund. Therefore, the decision to lift the stay is squarely within the Court's broad discretion. *Lewis*, 531 U.S. at 454.

In *Lewis*, the Supreme Court supplied the standard which governs this court's analysis. Under *Lewis*, "state courts...may adjudicate claims...so long as the vessel owner's right to seek limitation of liability is protected." *Lewis*, 531 U.S. at 455. In other words, a district court has discretion to permit injury actions to proceed in state court as long as the court determines that the shipowners' right to seek limitation of liability is adequately safeguarded. Claimants may protect this right through stipulation. See *Langnes v. Green*, 282 U.S. 531 (1931). At a minimum, claimants must stipulate: 1) that the value of the limitation fund equals the combined value of the vessel and its cargo; 2) that claimants waive the right to claim res judicata based on any judgment rendered against the vessel owner outside of the limitation proceedings; and 3) that claimants concede the district court's exclusive jurisdiction to determine limitation of liability issues. *Newton v. Shipman*, 718 F.2d 959, 962 (9th Cir., 1983).

Additionally, where as here, there is the possibility of a multiplicity of claims between claimants and claimants' attorneys seek fees from the limitation fund, claimants must stipulate: 1)

3

1  that claimants will not seek to enforce any judgment in excess of the limitation fund as determined
2  by the district court; 2) if petitioners are held responsible for attorneys' fees, those fees will have
3  priority over claimants' claims. *Dammers,* 836 F.2d. at 753-4.

4        Claimants have submitted a stipulation which contains some, but not all, of the requirements
5  necessary to protect Petitioners' rights. Claimants' stipulation does not contain language which
6  requires Claimants to proceed in a single action in state court. They have also not included language
7  stipulating that the value of the limitation fund equals the combined weight of the vessel and its
8  cargo, nor have they included language concerning the priority of claims and attorneys' fees.
9  Moreover, much of the language of the stipulation is overly circumscribed, qualified and tilted in
10 Claimants' favor. Accordingly, Claimants' stipulation is inadequate and the Court must deny the
11 instant motion.

12       The Supreme Court has held that the Limitations Act, "[does] not create a freestanding right
13 to exoneration from liability in circumstances where limitation of liability is not at issue." *Lewis,* 531
14 U.S. at 453-54. Since the saving to suitors clause demonstrates "a preference for jury trials and
15 common law remedies in the forum of the claimant's choice", the Court is inclined to allow
16 Claimants to proceed with their state court action once Petitioners' rights are sufficiently protected.
17 *Odeco Oil & Gas Co., Drilling Division* v. *Bonnette,* 74 F.3d 671, 674 (5th Cir.1996). The danger
18 of prejudice to Petitioners is low since this action involves only two claimants. Claimants have
19 indicated their intention to combine their two claims into one court proceeding, and it does not
20 appear that any other claims are forthcoming.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

4

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Claimants' Motion for Relief From Stay without prejudice. Claimants may file another motion for relief pursuant to this order, provided Claimants consult with Petitioners in drafting a stipulation which adequately protects Petitioners' rights.

**IT IS SO ORDERED.**

Dated: January 4, 2006

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE