E-filing

| | |
|---|---|
| 1 | **COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP**<br>Terence S. Cox (SBN 076142)<br>Marc T. Cefalu (SBN 203324)<br>190 The Embarcadero<br>San Francisco, CA 94105<br>Telephone No.: 415-438-4600<br>Facsimile No.: 415-438-4601<br><br>Attorneys for Petitioners<br>THE SAN FRANCISCO BAR PILOTS<br>BENEVOLENT AND PROTECTIVE<br>ASSOCIATION and the SAN FRANCISCO BAR PILOTS |

**FILED**

JAN 2 6 2006

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In the Matter of the Complaint of THE SAN FRANCISCO BAR PILOTS BENEVOLENT AND PROTECTIVE ASSOCIATION and the SAN FRANCISCO BAR PILOTS, as Owners and/or Charterers, of the *P/V GOLDEN GATE*, Limitation Petitioners, for Exoneration from or Limitation of Liability.

)
)
)
)
)
)
)
)
)
)
)
)

Case No.: C 05-2975 MJJ

**STIPULATION AND [PROPOSED] ORDER PRESERVING THE PETITIONERS' LIMITATION RIGHTS, LIFTING THE STAY AGAINST STATE COURT LITIGATION AND STAYING THE LIMITATION ACTION**

WHEREAS, Petitioners The San Francisco Bar Pilots Benevolent and Protective Association and the San Francisco Bar Pilots as Owners and/or Charterers of the *P/V Golden Gate*, have prayed for limitation and/or exoneration under the Vessel Owners' Limitation of Liability Act [the "Act"], 46 U.S.C. §§ 183 *et seq.*, in connection with the incident involving the alleged collision between the *P/V Golden Gate* and the *F/V Ronnie B* that occurred on or about January 17, 2005;

AND WHEREAS Claimants Igor Kwasniza and Alexander Newcomb are the sole claimants herein and wish to prosecute their claims against the petitioners in a single state court action which has not yet been filed;

IT IS HEREBY STIPULATED AND AGREED, by the undersigned Petitioners and Claimants, by and through their respective attorneys, that:

(1)     The Petitioners have the right to litigate the issue of whether they are entitled

-1-     Case No. C 05-2975 MJJ
STIPULATION AND [PROPOSED] ORDER PRESERVING THE PETITIONERS' LIMITATION RIGHTS, LIFTING ...

1  to limitation of liability under the Act and this Court has exclusive jurisdiction to determine
2  said issues, including, among other things, the issue of the proper value of the limitation
3  fund. The Petitioners submit that they are entitled to litigate the issue of exoneration from
4  liability in this Court. The Claimants do not agree upon Petitioners' right to a trial of the
5  issue of exoneration from liability in this Court following a state court trial. The parties
6  stipulate that this issue shall be determined by this Court prior to the trial of limitation
7  issues;

8     (2)   Claimants will not seek a determination of the issues set forth in paragraph
9  (1) above in any proceeding other than this case, and consent to waive any *res judicata*
10 effect the decisions, rulings or judgments of any other forum might have on those issues,
11 and further consent to waive the defense of issue preclusion with respect to all matters
12 reserved for determination by this Court;

13    (3)   Claimants will not seek to enforce any judgment rendered in any judicial
14 forum, whether against Petitioners or another person or entity entitled to seek indemnity or
15 contribution from Petitioners by way of cross-claim or otherwise that would expose
16 Petitioners to liability in excess of the limitation fund until such time as this Court has
17 adjudicated Petitioners' right to limit that liability;

18    (4)   In the event that this Court determines that Petitioners are entitled to limit
19 their liability, Claimants will not seek to enforce any judgment which would require
20 Petitioners to pay damages in excess of the limitation fund; and,

21    (5)   In the event this Court determines that Petitioners are entitled to limit their
22 liability, any claim based upon fees and/or costs awarded against Petitioners in favor of
23 Claimants will have first priority against the limitation fund.

24    (6)   The Claimants will file suit against Petitioners in state court in a single
25 action.

26    IT IS SO STIPULATED.

27 ///

28 ///

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO,
CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

MOAC.RonnieB

| | |
|---|---|
| Dated: January 24, 2006 | COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP<br>Attorneys for Petitioners<br>THE SAN FRANCISCO BAR PILOTS BENEVOLENT AND PROCTECTIVE ASSOCIATION and the SAN FRANCISCO BAR PILOTS<br><br>By  /S/<br>Terence S. Cox |
| Dated: January 24, 2006 | LAW OFFICES OF LYLE C. CAVIN<br>Attorneys for Claimants IGOR KWASNIZA and ALEXANDER NEWCOMB<br><br>By  /S/<br>Ronald H. Klein |

## ORDER

THE PARTIES HAVING AGREED THERETO, AND GOOD CAUSE APPEARING THEREFOR, IT IS HEARBY ORDERED that the Monition issued by this Court on August 11, 2005 be modified so that:

(1) The injunction against State court litigation be and hereby is lifted so that the Claimants may file a single action in State Court in order to litigate their personal injury claims;

(2) The within action be and hereby is stayed until such time as the action to be filed in State court is either tried to final judgement, or otherwise resolved.

Dated: 1/26, 2006         By: _____
The Honorable Martin J. Jenkins
United States District Judge

-3-                                         Case No. C 05-2975 MJJ
STIPULATION AND [PROPOSED] ORDER PRESERVING THE PETITIONERS' LIMITATION RIGHTS, LIFTING . . .